IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAMELA DEGRAPHENREED

    VS.                                          C.A. NO. 04-1802

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

## MEMORANDUM OPINION AND ORDER

WEINER, J.                                             MAY 25, 2005

Plaintiff Pamela DeGraphenreed ( DeGraphenreed ) seeks judicial review under 42 U.S.C. § 405(g) of the decision of the Commissioner of Social Security, who found that DeGraphenreed was not entitled to Disability Insurance Benefits ( DIB ) and Supplemental Security Income ( SSI ) under titles II and XVI of the Social Security Act ( Act ), 42 U.S.C. §§ 401-433, 1381-1383f. Presently before the court are the parties cross-motions for summary judgment. For the reasons which follow, we find that the Administrative Law Judge ( ALJ ) failed to address the plaintiff s obesity in making his decision. Accordingly, the motion of the defendant will be denied, the motion of the plaintiff will be granted, and the matter will be remanded for further proceedings.

## STANDARD OF REVIEW

When reviewing a denial of a claimant s application, a reviewing court applies the substantial evidence standard. See 42 U.S.C. § 405(g); Burns v. Barnhart, 312 F.3d 113 (3d Cir. 2002). Substantial evidence is more than a mere scintilla. It means such relevant evidence

as a reasonable mind might accept as adequate . Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). This court is not empowered to weigh the evidence or substitute its conclusions for those of the fact-finder. Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).

PROCEDURAL HISTORY

DeGraphenreed protectively filed her application for DIB and SSI benefits on December 22, 1999, alleging disability since October 31, 1999, because of pain in her lower back, hip and thigh as well as numbness in her feet and toes. R-26. She later alleged depression and trouble with her left shoulder, arm and hand. Id. After her applications were denied, she requested and was granted a hearing before an ALJ, which was held on October 18, 2001. Id. The ALJ denied plaintiff s claim. However, the Appeals Council remanded to the ALJ for rehearing. The second hearing occurred on February 10, 2003, and a decision was issued on May 30, 2003, determining that DeGraphenreed is not eligible for benefits. R-26, 36.

The Social Security Administration applies a five-step evaluation process to determine if a claimant is disabled for purposes of qualifying for DIB and SSI. The ALJ considers, in sequence, whether a claimant: 1) worked during the period of alleged disability; 2) had a severe impairment; 3) had an impairment that meets or equals the requirements of a listed impairment; 4) could return to her past relevant work; and 5) if not, whether she could perform other work in the national economy. See 20 C.F.R.§ 416.920 (2002); see also Burns, 312 F.3d at 118-19. If the ALJ finds that the claimant is disabled or not disabled at any point in the analysis, the ALJ does not review the claim further. See 20 C.F.R. § 416.920 (2002).

After reviewing the evidence and hearing testimony from DeGraphenreed and a

vocational expert, the ALJ determined DeGraphenreed was not eligible for benefits at step five of the process. R-35. The ALJ found that the plaintiff's "lower back disorder" and "depressive disorder" constituted severe impairments. R-32. However, the ALJ did not find that these impairments met or equaled a listing. Id. Specifically, the ALJ found that while the plaintiff has certain functional limitations that prevent her from engaging in past work as a packager, appliance assembler, census enumerator, house monitor, nurse assistant, and general clerk, the plaintiff could perform a limited range of light work. R-35.

At her hearing before the ALJ, DeGraphenreed testified to "bad" pain in her lower back, legs, knees, feet, neck, left hand and arm as well as tingling and numbness at the tips of her feet. R-28. She testified to recent weight gain of 40 pounds. R-71. She testified that her daily routine consisted of eating, sleeping, attempting to read, watching the news, and showering. R-28. The plaintiff testified that a few times a week she takes public transportation to physical therapy, a difficult trip for her. R-67. She also testified to seeing a mental health therapist once a week and a psychiatrist once a month. Id. The plaintiff testified to occasional hallucinations, to hearing voices, and to violent tendencies towards others. R-28, 71-72, 77. She testified to being on a number of medications including those for pain and depression. R-28. Finally, she testified that she could lift less than ten pounds; could walk half a block; could stand for ten to 20 minutes; and could sit for ten to 20 minutes before needing to move around. Id.

In her motion for summary judgment, DeGraphenreed argues that the ALJ erred by (1) failing to assess the plaintiff's obesity in making a final determination; (2) applying rule 202.14 rather than rule 201.14 in finding her not disabled; (3) failing to inquire into the relevant levels of stress for the positions suggested by the VE; (4) failing to consider the plaintiff's medications' side effects; (5) failing to give controlling weight to the plaintiff's doctors and not

following up concerning the basis for their assessment; (6) failing to properly assess the plaintiff s residual functional capacity in relation to the jobs suggested by the VE; (7) failing to give full credibility to plaintiff s testimony regarding her impairments; and (8) the ALJ was not supported by substantial evidence in finding that the plaintiff is not disabled.  Because we find that the ALJ failed to assess the plaintiff s obesity in making a final determination, we need not consider the remaining arguments.

## DISCUSSION

The ALJ s failure to neither mention nor discuss the effect of plaintiff s obesity in steps two, three and five of the evaluation process warrants a remand. Social Security Ruling ("SSR") 02-01p, states that obesity *will* be considered in determining (1) whether the claimant has a medically determinable impairment; (2) the severity of the impairment; (3) whether the claimant s impairment(s) meets or equals a listing; and (4) whether the claimant s is prevented from doing past relevant work or other work that exists in significant numbers in the economy. SSR 02-01p, 2000 WL 628049 (S.S.A.). While a claimant s impairments alone may not equal a listing, the failure to discuss the effects of the combination of impairments, including obesity if present, amounts to an error. Caballero v. Barnhart, 2003 WL 22594256, *6 (E.D. Pa. 2003). A determination that does not include such a discussion or an explanation of its absence is not supported by substantial evidence. Id. at *6-7; Morris v. Barnhart, 2004 WL 1238397, *5 (E.D. Pa. 2004). Because the ALJ failed to discuss the plaintiff s obesity, as diagnosed by the only doctor to whose opinion the ALJ gave controlling weight, the ALJ s determination is not supported by substantial evidence.

While the ALJ stated that he considered all of the evidence in determining whether the

plaintiff had severe impairments, the ALJ failed to consider the plaintiff's obesity. R-32. The ALJ refused to give controlling weight to all but one of the doctors that examined the plaintiff. R-28-32. This physician, Pushpa Thakarar, M.D., performed a consultative examination of the plaintiff for the state in April, 2000. R-29, 314-316. The ALJ purported to give his assessment "great" and "greater" weight over the reports of the other doctors who examined plaintiff. R-33, 34. While Dr. Thakarar's diagnoses included disc disease of the lumbar spine, history of bilateral carpal tunnel syndrome, left ulnar transposition, and mild obesity, R-316, the ALJ failed to mention the obesity in summarizing Dr. Thakarar's diagnoses. R-28. The plaintiff's height, 5'7", and weight, 210-240 pounds, is noted many times throughout her medical records. R-70-71, 162, 200-201, 203, 242, 315, 334-335, 481. During the relevant times, the plaintiff's body mass index (BMI) ranged from 32-37, falling well within the obese range. Pl. Br. at 13 and attached BMI chart. As noted by the plaintiff, the ALJ failed to mention the plaintiff's obesity or weight anywhere in the opinion. Pl. Br. at 12.

Without a discussion of the effect of the plaintiff's obesity, the ALJ's conclusion that the plaintiff's impairments, individually or in combination, did not meet or equal a listing is reversible error. Caballero, 2003 WL 22594256, *6. In particular, subsection F of Listing 1.00, explains how "effects of obesity" should be considered. 24 C.F.R. § 404, Subpt. P, App. 1, Listing 1.00(F) (2001). This subsection reads: "[t]he combined effects of obesity with musculoskeletal impairments can be greater than the effects of each of the impairments considered separately. Therefore, when determining whether an individual with obesity has a listing-level impairment or combination of impairments ... adjudicators must consider any additional and cumulative effects of obesity." Id. As noted above, the ALJ failed to give any mention or consideration to the plaintiff's obesity in concluding that the plaintiff failed to meet

or equal a listing. The ALJ states that none of the medical evidence established a listing. R-32. However, the failure to even mention Dr. Thakarar s obesity diagnosis demonstrates that not all the medical evidence was considered. R-29. In the absence of such a complete discussion, upon remand, the ALJ should conduct a thorough analysis taking into consideration Plaintiff's obesity.  <u>Morris</u>, 2004 WL 1238397, *5. We will remand for the ALJ to consider plaintiff s obesity when determining whether plaintiff has a listing-level impairment.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAMELA DEGRAPHENREED

      VS.                                                              C.A. NO. 04-1802

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

## ORDER

The motion of the plaintiff for summary judgment (Doc. #9) is GRANTED.

The motion of the defendant for summary judgment (Doc. #8) is DENIED.

Judgment is ENTERED in favor of the plaintiff and against the defendant

The action is REMANDED to the Commissioner for further proceedings consistent with this Opinion.

IT IS SO ORDERED.

                                                /s/ CHARLES R. WEINER

                                                    CHARLES R. WEINER